

Case Number: LACV012760    Case Title: ARIAS VS. CACTUS FARMS LLC

Opened: 04-29-2020
County: Clarke
Case Type: EMPLOYMENT DISCRIMINATION    Status: Active    Judge:
Prayer Amount: $.00

Show/Hide Participants

| **Plaintiff[s]** | **Counsel of Record** |
|---|---|
| RIGOBERTO ARIAS<br>1836 DAISY LN<br>OSCEOLA, IA 50213 | DAVID RONALD ALBRECHT<br><br>MADISON ELIZABETH FIEDLER-CARLSON |

| **Defendant[s]** | **Counsel of Record** |
|---|---|
| CACTUS FARMS, LLC<br>1960 205TH AVE<br>OSCEOLA, IA 50213<br>business: (614) 342-7362 | |

| **File Date** | | **Case History** |
|---|---|---|
| 05-20-2020 11:21:00 AM<br>Plaintiff | ACCEPTANCE OF SERVICE<br>Filed by: DAVID RONALD ALBRECHT | |
| 04-29-2020 10:14:00 AM<br>Plaintiff | PETITION FILED: PETITION<br>Filed by: DAVID RONALD ALBRECHT | |
| 04-29-2020 10:14:00 AM<br>Plaintiff | CIVIL ORIGINAL NOTICE<br>Filed by: DAVID RONALD ALBRECHT | |

IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| RIGOBERTO ARIAS, | CASE NO.   LACV012760 |
| Plaintiff, | |
| vs. | |
| CACTUS FARMS, L.L.C., | **ORIGINAL NOTICE** |
| Defendant. | |

TO THE ABOVE-NAMED DEFENDANT:   CACTUS FARMS, L.L.C.

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are David Albrecht and Madison Fiedler-Carlson of Fiedler Law Firm, P.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Clarke County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF COURT
Clarke County Courthouse
Osceola, Iowa

# STATE OF IOWA JUDICIARY

Case No. LACV012760
County   Clarke

Case Title   ARIAS VS. CACTUS FARMS LLC

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**   .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued   04/29/2020 03:43:51 PM



District Clerk of  Clarke          County

/s/ Lindsey Rissi

IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| RIGOBERTO ARIAS, <br><br> Plaintiff, <br><br> vs. <br><br> CACTUS FARMS, L.L.C., <br><br> Defendant. | CASE NO.  LACV012760 <br><br><br> PETITION and <br> JURY DEMAND |

COMES NOW the Plaintiff Rigoberto Arias, and for his cause of action against Defendant Cactus Farms, LLC, states the following:

## INTRODUCTION

1. This is an action under the Family Medical Leave Act ("FMLA") challenging Defendant's illegal actions.

2. Plaintiff Rigoberto Arias is a resident of Clarke County, Iowa.

3. Defendant Cactus Farms, L.L.C. is an Iowa corporation doing business in Clarke County, Iowa.

4. The acts of which Plaintiff complains occurred in Clarke County, Iowa.

## FACTUAL BACKGROUND

5. In April 2017, Defendant Cactus Farms hired Plaintiff Rigoberto Arias "Rigo" as a herdsperson.

6. Rigo took care of piglets in the farrowing department and prepared them for shipment.

7. On Friday, August 3, 2018, a Rigo's wife Bianca suffered a severe migraine.  Rigo took Bianca to the emergency room, where she was hospitalized overnight.

8. Rigo stayed with his wife until she was discharged on the morning of August 4.

1

9. Bianca required additional care, so Rigoberto called Cactus to report that he could not come into work that day because he needed to care for his wife.

10. Rigo told his manager, Juan Galicia, that he needed to continue caring for Bianca and he would update Cactus daily about his ability to return to work.

11. Galicia approved Rigo's request and told Rigo to bring in a doctor's note when he came back to work.

12. Galicia did not tell Rigo about his rights under the FMLA to care for his wife due to her serious health condition.

13. It was Cactus' policy or practice that if employees called in sick, a doctor's note was required only for absences of two or more days.

14. It was also Cactus' policy that employees could use sick days for anyone in their families who were sick, as long as they brought in a doctor's note if missing more than two days.

15. On Monday, August 6, 2018, Rigoberto told Galicia he needed to stay home because Bianca was struggling with new migraine medication and their infant son was very sick.

16. Galicia never brought up the FMLA, never told Rigo he might be eligible for leave under the FMLA, and never asked additional questions to determine whether Rigo's leave would be protected by the FMLA.

17. On Tuesday, August 7, Rigo used another sick day to care for his family. When he called in, no one answered, so Rigo left a message on the "barn phone."

18. Rigoberto returned to work on August 8, 2018.

19. When Rigo arrived, Galicia claimed Rigo had not properly notified Cactus of his absences and issued Rigo a Corrective Action Form.

20. This form was written only in English.

21. Rigo cannot read in English.

2

22. Defendant knows Rigo cannot read English.

23. Whenever Galicia and Rigo spoke, they spoke in Spanish.

24. Galicia spoke and explained the form to Rigo in Spanish.

25. Galicia told Rigo to sign the form, assuring him it was just a verbal warning and would not affect Rigo's employment in any way.

26. Rigo signed the document and went back to work.

27. Defendant did not provide Rigo a copy of the form translated into Spanish.

28. On approximately August 12, 2018, Rigoberto discovered that Defendant failed to pay him for the three sick days he had used to care for Bianca.

29. He complained to Galicia, who promised to speak with management.

30. Around noon on Tuesday, August 14, Rigo received a call at work that his son was very sick.

31. Rigo told Galicia, "My son is sick.  I need to go pick him up, it's kind of an emergency."

32. Galicia gave Rigo permission to leave.

33. Galicia did not bring up the FMLA.

34. Rigo picked up his son and took him to the emergency room, where he was treated for vomiting and chronic constipation.

35. On August 15 and 16, Rigo stayed home to care for his son.

36. On both days, Rigo called Cactus to report his absences.

37. When Rigo returned to work on Friday, August 17, Galicia said, "What are you doing here?  You can't come in.  You're fired."

38. Rigo asked who made the decision to fire him.

3

39. Galicia told Rigo "In that warning you signed, it was written that you couldn't miss a single day within 60 days."

40. Galicia never told Rigo this provision was in the write-up.

41. Defendant follows a progressive disciplinary policy.

42. Defendant's policy provides for escalating discipline, including a verbal warning, a written warning, probation, suspension, and termination.

43. When Rigo was fired, he still had 5.12 days of paid sick leave available under Defendant's benefit plan.

44. Cactus never paid Rigo for the sick days he used to care for Bianca and his son.

45. Defendant never told Rigo of his rights under the Family Medical Leave Act to care for his wife and son due to their serious health conditions.

46. Juan Galicia was an employee and agent of Defendant, acting at all material times within the scope of his employment and agency.

### COUNT I
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### INTERFERENCE

47. Plaintiff repleads paragraphs 1 through 46 as if fully set forth herein.

48. At all times material to this case, Defendant was an "employer" within the meaning of the FMLA.

49. Beginning in April 2018, Plaintiff was an "eligible employee" within the meaning of the FMLA.

50. In August 2018, Plaintiff provided Defendant notice that he needed leave to care for his wife and son due to their serious health conditions.

51. Plaintiff's notice reasonably apprised Defendant that the FMLA may apply.

4

52. In August 2018, Defendant failed to notify Plaintiff of his eligibility to take FMLA leave to care for his wife and son due to their serious health conditions.

53. Defendant failed to notify Plaintiff in writing whether his leave in August 2018 would be designated as FMLA leave.

54. Defendant did not provide Plaintiff written notice detailing Plaintiff's obligations under the FMLA.

55. Defendant did not notify Plaintiff of the specific amount of leave that would be counted against his FMLA leave entitlement.

56. Defendant failed to provide Plaintiff with the protected leave required by the FMLA.

57. Defendant interfered with Plaintiff's right to take leave under the FMLA.

58. In making the decision to fire Plaintiff, Defendant took into account leave protected by the FMLA.

59. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including lost wages and employment benefits.

WHEREFORE, Plaintiff Rigoberto Arias demands judgment against Defendant Cactus Farms in an amount that will fully and fairly compensate him for his injuries and damages, for liquidated damages, for appropriate equitable and injunctive relief, including but not limited to reinstatement, for interest as allowed by law, for attorneys' fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the FMLA.

## JURY DEMAND

COMES NOW the Plaintiff and requests a trial by jury.

        */s/ David Albrecht*
FIEDLER LAW FIRM, P.L.C.
David Albrecht AT0012635
David@employmentlawiowa.com
Madison Fiedler-Carlson AT0013712
Madison@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Facsimile: (515) 254-9923
ATTORNEYS FOR PLAINTIFF

6

IN THE IOWA DISTRICT COURT FOR CLARKE COUNTY

| | |
|---|---|
| RIGOBERTO ARIAS, | CASE NO. LACV012760 |
| Plaintiff, | |
| vs. | |
| CACTUS FARMS, L.L.C., | **ACCEPTANCE OF SERVICE** |
| Defendant. | |

The undersigned counsel hereby acknowledges receipt and accepts service of the Original Notice and Petition and Jury Demand on behalf of the above-named Defendant. This acknowledgement is taking place in Dallas, Texas, on the 20th day of May, 2020.

_____
Elizabeth Bones
Mullin Hoard & Brown, LLP
2515 McKinney Ave., Ste. 900
Dallas, TX  75201
bbones@mhba.com
ATTORNEY FOR DEFENDANT